**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

```
DAVID J. CZAPINSKI,         )
                            )
            Plaintiff,      )   Civil Action No. 07-717
                            )
      v.                    )   Judge McVerry
                            )   Magistrate Judge Caiazza
IRON CITY INDUSTRIAL        )
CLEANING CORP.,             )
                            )
            Defendant.      )
```

### ORDER

Consistent with the discussions at the telephone conference on June 6, 2008 (*see* Doc. 13), the Plaintiff's Motion to Compel Discovery (**Doc. 11**) is **GRANTED**, to the extent described herein.

Some of the conclusions below reflect agreements of counsel made during the conference. To the extent the rulings deviate from any amicable agreement discussed, they are now so ordered by the court.

<u>Issue 1 (Plaintiff's Interrogatories 2 & 3)</u>

The Defendant shall produce, for the year 2004, the "incentive" formulas for two categories of workers: (a) route manager/sales field manager, and (b) customer service manager. For employees falling within these categories (estimated at five or six), ICICC shall also produce documentation reflecting the effects the incentive program had on their compensation. As appropriate, the parties may enter a confidentiality agreement protecting from disclosure the names

and personal information of the relevant employees.

The above disclosures shall fulfill the Defendant's obligations to respond to Interrogatory Numbers 2 and 3.

### Issue 2 (Plaintiff's Interrogatory 6)

Defense counsel shall make reasonable efforts to identify the "helper," identified only as "Bill," purportedly assigned to the Plaintiff from 2002 until December 2005. These efforts will be fulfilled by Defense counsel's inquiring of appropriate agents of ICICC and reviewing any existing personnel records for the month of September 2004.

Should these efforts prove successful, the identity of "Bill" shall be provided. If not, the Defendant has satisfied its duty of reasonable investigation and no further response is required.

### Issue Numbers 3 & 4 (Plaintiff's Document Request Nos. 5 & 6)

The Defendant shall produce the documents as requested.

### Issue Number 5 (Plaintiff's Document Request No. 10)

Upon certification that, after reasonable investigation, no document(s) prepared by Sandy Golumb regarding the Plaintiff's complaint(s) have been identified, the Defendant will have satisfied its obligations under Request Number 10.

<u>Issue Number 6 (Plaintiff's Document Request No. 12)</u>

The Defendant shall respond to this Document Request as drafted; however the relevant time frame is reduced from the years 2000-2007 to 2003-2005. In addition, the Plaintiff has agreed to execute an appropriate confidentiality agreement.

Also consistent with the discussions at the conference, the discovery deadline in this case is extended until July 14, 2008. During that period, the parties can attend to their outstanding deposition issues, the Defendant shall make the productions ordered above, and the Defendant may serve (and the Plaintiff shall answer) requests for admission. No other discovery may be taken absent agreement of the parties or leave of court. Counsel shall work together amicably to complete the discovery addressed above within the time frame allotted.

Finally, motions for summary judgment are now due August 14, 2008, responses are due September 15, 2008, and replies may be filed by September 26, 2008.

THESE THINGS ARE SO ORDERED.

June 9, 2008

*Francis X. Caiazza*
U.S. Magistrate Judge

cc (via email):

John R. Orie, Jr., Esq.
Jeffrey B. Balicki, Esq.